STATE OF NORTH CAROLINA v. JOHN FITZGERALD STINSON

No. 25A84

(Filed 30 April 1984)

1. **Criminal Law § 138— aggravating circumstances that defendant had a prior conviction punishable by more than 60 days and that defendant had served a prison term for that conviction properly considered**

     There was no error in a trial judge finding as aggravating circumstances both that defendant had a prior conviction punishable by more than 60 days' confinement and that the period of time for which the sentence for that conviction was suspended had not yet expired.

2. **Criminal Law § 138— aggravating circumstances that sentence necessary to deter others and lesser sentence would unduly depreciate seriousness of defendant's crime improperly considered**

     The trial court erred in finding as aggravating circumstances that: "The sentence pronounced by the court is necessary to deter others from the commission of a similar offense" and "a lesser sentence than that pronounced by the court would unduly depreciate the seriousness of the defendant's crime."

APPEAL by defendant from a decision of the Court of Appeals finding no error in either the trial or sentencing proceedings conducted before *Judge Albright,* presiding at the 4 October 1982 Criminal Session of CABARRUS County Superior Court. The opinion of the Court of Appeals is by *Judge Arnold* with *Judge Hedrick* concurring and *Judge Becton* dissenting. 65 N.C. App. 570, 309 S.E. 2d 528 (1983).

*Rufus L. Edmisten, Attorney General, by Thomas H. Davis, Jr., Assistant Attorney General, for the State.*

*Robert M. Critz and David H. Black for defendant appellant.*

State v. Stinson

PER CURIAM.

[1]  The Court of Appeals correctly determined the issues brought forward in defendant's brief. This case is distinguishable from *State v. Isom*, 65 N.C. App. 223, 309 S.E. 2d 283 (1983), relied on by Judge Becton in his dissenting opinion. In *Isom* the Court of Appeals concluded that it was improper for the trial judge to find as aggravating circumstances both that a defendant had a prior conviction punishable by more than sixty days' confinement and that he had served a prior prison term for that conviction. In the instant case the period during which defendant's sentence for a prior felony conviction was suspended had not yet expired at the time he committed the offense for which he was being tried. It was proper, therefore, for the trial court to consider both the fact of his prior conviction and the fact that the period for which the sentence was suspended had not yet expired as aggravating circumstances.

[2]  We find, however, error which, although not assigned by defendant, does appear on the face of the judgment in both the burglary and the attempted rape cases. In both cases the trial court found as aggravating circumstances: "The sentence pronounced by the court is necessary to deter others from the commission of a similar offense" and "a lesser sentence than that pronounced by the court would unduly depreciate the seriousness of the defendant's crime." It was error for the trial court to find these aggravating circumstances. *State v. Chatman*, 308 N.C. 169, 301 S.E. 2d 71 (1983).

For this error the judgments imposed against defendant in both the burglary and the attempted rape cases must be vacated and the matter remanded for a new sentencing hearing. *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983).

Insofar as the Court of Appeals found no error in defendant's trial and no error on the points it discussed with regard to defendant's sentences, the decision is affirmed. For the reasons stated herein, however, the Court of Appeals' decision finding no error in the sentencing proceeding is reversed; the sentences imposed upon defendant are vacated; and the case is remanded to the Court of Appeals for further remand by it to Cabarrus County Superior Court for resentencing. The result is that the Court

of Appeals' decision is affirmed in part and reversed in part, and the case remanded for resentencing.

Affirmed in part;

Reversed in part; and

Remanded for resentencing.